RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED 3
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 6-24-04

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 24 P 3: 48

DISTRICT COURT
DISTRICT OF MASS.

THUKY T. TRUONG,
    Plaintiff,

v.

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES
POSTAL SERVICE,
    Defendant.

CIVIL ACTION
DOCKET NUMBER:

04 - 11451 REK

MAGISTRATE JUDGE _____

COMPLAINT WITH JURY DEMAND

1. The plaintiff is a native of South Vietnam and a naturalized American citizen. She was employed by the United States Postal Service since 1988. For the last six years of her employment she worked as an acting supervisor in the General Mail Facility in Boston.

2. The defendant is the Postmaster General and is the responsible party in all suits appealing an adverse decision of the Equal Employment Opportunity Commission, "EEOC".

3. On July 17, 2001 the plaintiff attended a staff meeting of supervisors. This was the first meeting with her new Manager of Distribution Operations, Mr. Chester Miller, "Miller", who had formerly worked with her as a supervisor. Miller without warning or provocation told the plaintiff that if she did not discipline her employees she would no longer act as a supervisor.

4. The incident then escalated when the plaintiff pointed out to Miller that discipline was corrective and not punitive in nature and arbitrary punishment served no purpose.

5. Miller became enraged and advanced on the plaintiff and said: "Shut up and listen! If you don't discipline your employees, I don't need you acting anymore. Get out right now, and go back to your craft or I'll call security."

6. Miller advanced further on the plaintiff who was in fear and confusion.

7. Miller reached out to the plaintiff but was prevented from grabbing her by another supervisor.

8. In the confusion Miller blurted out that the plaintiff had gone behind his back to their superiors, Mr. Fahey and Mr. Kiddick.

9. The plaintiff was subsequently treated for an acute stress reaction and has not returned to work. Her workers compensation claim has been accepted, and she still suffers from stress and anxiety.

10. The reaction by the plaintiff was extreme because she was dispossessed from her home and separated from her husband when the government in South Vietnam was defeated by the North Vietnamese. This led to years of privation and terror until she came to the United States in 1983.

11. The incident of July 17, 2001 turned her work world upside down. The plaintiff had performed excellent service and had motivated her employees by building a consensus.

12. The incident of July 17, 2001 would appear to represent the culmination of Miller's resentments against the plaintiff for real or perceived slights.

13. The attack on the plaintiff had no objective basis in fact. The vitriol and aggression by Miller was stored and secret until the first day he finally had unequivocal power over the plaintiff.

14. His outburst and hostility had the purpose of embarrassing and humiliating an oriental woman in the eyes of the male occidental supervisory staff.

15. The motivation was discrimination on the basis of sex, ethnicity and race.

16. The plaintiff filed an EEO complaint and has exhausted her administrative remedies.

17. On March 29, 2004 she received a Decision from the Office of Federal Operations of the EEOC dismissing her case, Exhibit "A". Her appeal is timely.

THE PLAINTIFF MAKES A JURY DEMAND IN THIS MATTER

WHEREFORE, the plaintiff prays that this court will:

a. Enter judgment for her for the discriminatory acts of the agency and its agents.
b. Enter judgment for the monetary losses sustained by the plaintiff.
c. Enter judgment for the emotional damages sustained by the plaintiff.
d. Such other relief, attorney's fees and interest as allowed by law or in the interest of justice require.

THUCKY T. TRUONG

By her attorney,

Cornelius J. Sullivan
Sullivan & Walsh
51 Ellison Avenue
Mattapan, MA 02126-2803
(617) 296-0552
FAX (617) 296-0005



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036



Thuky T. Truong,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
(Northeast Area),
Agency.

Appeal No. 01A33223
Agency No. 1B-021-0047-01
Hearing No. 160-A2-8418X

### DECISION

Complainant timely initiated an appeal from the agency's final order concerning her equal employment opportunity (EEO) complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission affirms the agency's final order.

The record reveals that complainant, a Full Time Clerk, PS-5, at the Processing and Distribution Center, located in Boston, Massachusetts, filed a formal EEO complaint on October 13, 2001, alleging that the agency had discriminated against her and subjected her to harassment on the bases of race (Asian), national origin (Vietnamese), sex (female), age (D.O.B. 2/2/55), and reprisal for prior EEO activity when on July 17, 2001, she was "assaulted" by the Tour III Manager, Distribution Operations (MDO).

At the conclusion of the investigation, complainant received a copy of the investigative report and requested a hearing before an EEOC Administrative Judge (AJ). The AJ issued a decision without a hearing, finding no discrimination.

The AJ concluded that complainant failed to establish a *prima facie* case of harassment based on race, national origin, age, and sex. Specifically, the AJ found that viewing the facts in the light most favorable to complainant, a reasonable fact-finder could not have concluded from the evidence that management's action was motivated by her membership in any protected class. The

2                                                                                           01A33223

AJ also found that there is no evidence to support a link either by time or circumstance between complainant's 1998 prior EEO activity and the agency's action.

On appeal, complainant contends, among other things, that she established a *prima facie* of harassment. Complainant contends that she was subject to unwelcome conduct, the confrontation in the conference room between the MDO and herself, which she alleges was based on her sex, age, race, and national origin. Complainant also contends that it was a loud and rude confrontation that had a detrimental effect on her. In response, the agency requests that we affirm its final order.

## STANDARD OF REVIEW

We begin by noting that we are reviewing the AJ's decision without a hearing, and the final agency decision adopting them, under a *de novo* standard of review. *See* 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an agency's final action shall be based on a *de novo* review..."); *see also* EEOC Management Directive for 29 C.F.R. Part 1614 (rev. Nov.9, 1999) ("EEO MD-110"), at 9-16 (providing that an administrative judge's "decision to issue a decision without a hearing pursuant to [29 C.F.R. § 1614.109(g)] will be reviewed *de novo*"). This essentially means that we should look at this case with fresh eyes. In other words, we are free to accept (if accurate) or reject (if erroneous) the AJ's, and agency's, factual conclusions and legal analysis, including on the ultimate issue of whether intentional discrimination occurred, and on the legal issue of whether any federal discrimination employment statute was violated. *See id.* at 9-15.

## ANALYSIS AND FINDINGS

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109 (g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is only appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exist no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, the issuance of a decision without a hearing is not appropriate. Similarly, an AJ may not issue a decision without a hearing if he or she actually has to find facts first to do so.

3                                                                                01A33223

Based on the standards set forth in *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993), in order to prevail on a claim of harassment, complainant must prove that: (1) she was subjected to harassment that was sufficiently severe or pervasive to alter the terms or conditions of employment and create an abusive or hostile work environment; and (2) the harassment was based on her membership in a protected class. *See* EEOC Notice No. 915.002 (March 8, 1994), Enforcement Guidance on *Harris v. Forklift Systems, Inc.*, at 3, 6; *Cobb v. Department of the Treasury*, EEOC Request No. 05970077 (March 13, 1997). The record reflects, through the testimonies of all participants at the supervisor's meeting on July 17, 2001, that the confrontation between complainant and the MDO concerned the subject of employee discipline. The record reveals that the MDO asked complainant, as an acting supervisor, whether she could discipline her employees if warranted. In response, complainant questioned why she would need to do so, said she would not do so, became very defensive, and complainant and the MDO argued loudly. There is no evidence in the record to support the conclusion that unlawful animus toward complainant's age, sex, race, national origin or prior EEO activity motivated MDO's actions or words.

After a careful review of the record, the Commission finds that grant of summary judgment was appropriate, as no genuine dispute of material fact exists. We find that the AJ's decision properly summarized the relevant facts and referenced the appropriate regulations, policies, and laws. The Commission therefore AFFIRMS the agency's final order.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the

4                                                                                                        01A33223

applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

---
Carlton M. Hadden, Director
Office of Federal Operations

MAR 3 5 2004

---
Date

5                                                                   01A33223

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 2 5 2004

_____
Date

*H. Wilson* (signature)
_____
Equal Opportunity Assistant

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS:** Thuky T. Truong

**DEFENDANTS:** John E. Potter, Postmaster General USPS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):** Cornelius J. Sullivan, Sullivan & Walsh, Boston, MA, 617-542-2126

**ATTORNEYS (IF KNOWN):** US Attorney

04 11451 REK

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 2000e et seq

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: _____   DOCKET NUMBER: _____

**DATE:** 6/24/04
**SIGNATURE OF ATTORNEY OF RECORD:** [signature]

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Truong v. Putten**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. — Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __ V. 150, 152, 153.

   **04-11451 REK**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   **None**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES   **(NO)**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES   **(NO)**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   **(YES)**   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES   **(NO)**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **(YES)**   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
   **(EASTERN DIVISION)**   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
   EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Cornelius J. Sullivan**
ADDRESS **51 Gallivan Ave., Mattapan, MA 02126**
TELEPHONE NO. **(617) 296-0557**

(Cover sheet local.wpd - 11/27/00)